UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ROSETTA TOMMASI,

        Plaintiff,

- against -

STATE OF NEW YORK, STONY BROOK
UNIVERSITY, STONY BROOK UNIVERSITY
HOSPITAL a/k/a STONY BROOK UNIVERSITY
MEDICAL CENTER, SHIRLEY STRUM-KENNY,
FRED SGANGA, LEE XIPPOLITOS, DIANE
CARILLO, ED MORETTI, EILEEN REISNER,
and VENTRYCE THOMAS,

        Defendants.

----------------------------------------------------------x

**ANSWER**

**08 cv 0062
(LDW/ETB)**

      Defendants State of New York, Stony Brook University, Stony Brook University Hospital a/k/a Stony Brook University Medical Center, Shirley Strum-Kenny, Fred Sganga, Lee Xippolitos, Ed Moretti, and Eileen Reiser, Diane Carillo and Ventryce Thomas (hereafter "the State Defendants"), by their attorney, Andrew M. Cuomo, Attorney General of the State of New York, Anne C. Leahey, Assistant Attorney General, of counsel, hereby interpose the following Answer to the Complaint, respectfully alleging as follows:

      1. With respect to the allegations in ¶ 1 of the Complaint, admit that Plaintiff seeks relief pursuant to the authorities recited therein but deny that Plaintiff is entitled to

such relief.

2. Complaint ¶ 2 states a legal conclusion to which no response is necessary.

3. Complaint ¶ 3 states a legal conclusion to which no response is necessary

4. Deny each and every allegation in Complaint ¶ 4 and affirmatively state that this action is untimely for the following reasons: (a) Plaintiff's charge to the Equal Employment Opportunity Commissioner was not filed within three hundred days of her notice of non-renewal or her reassignment to a different supervisor ; (b) the instant Complaint was not served until approximately nine months after it was filed on January 4, 2008.

5. Deny knowledge and information sufficient to form a belief as to the allegations in ¶ 5 of the Complaint.

6. With respect to the allegations ¶ 6 of the Complaint, deny each and every allegation, except admit that Stony Brook University Hospital is also known as Stony Brook University Medical Center ("the Hospital"); affirmatively refer the Court to New York Education Law, § 350, et seq., as speaking for itself and being the best evidence of its contents; affirmatively allege that the Hospital is licensed pursuant to Article 28 of the Public Health Law; affirmatively assert that the Hospital identifies itself as being located at Nicolls Road and Health Sciences Drive intersection, Stony Brook, NY, 11794, and does not use the street address referred to in the Complaint although a Google search indicates that the Hospital is located at the address referred to in the Complaint; and leave

all conclusions regarding the legal status of the Hospital to the discretion of the Court.

7. With respect to the allegations in the first sentence of ¶ 7 of the Complaint, admit that Shirley Strum Kenny is the president of Stony Brook University. Deny each and every allegation in the second sentence of ¶ 7 of the Complaint. Admit the allegations in the third and fourth sentences of ¶ 7 of the Complaint. Deny each and every allegation in the fifth sentence of ¶ 7 of the Complaint, except affirmatively assert that President Strum Kenny has oversight responsibilities with respect to the matters alleged therein.

8. Admit the allegations in the first sentence of ¶ 8 of the Complaint, except affirmatively assert that Fred Sganga was the Interim Acting CEO of the Hospital for approximately ten months in 2006. Deny each and every allegation in the second sentence of ¶ 8 of the Complaint. With respect to the allegations in the third sentence of ¶ 8 of the Complaint, deny each and every allegation that Mr. Sganga currently has any responsibilities as Interim Acting CEO; admit that as Interim Acting CEO, Mr. Sganga was responsible for maintaining Hospital policies and was responsible for the Hospital's operation and maintenance but otherwise deny Plaintiff's characterization of Mr. Sganga's responsibilities as CEO, affirmatively assert that Mr. Sganga made recommendations regarding employment matters for employees who reported to him directly, and further affirmatively assert that termination of employees at the Hospital is/was for the most part handled by the Hospital's labor department in accordance with

union contracts. Admit the allegations in the fourth sentence of ¶ 8 of the Complaint. Deny each and every allegation in the fifth sentence of ¶ 8 of the Complaint, except affirmatively assert that Edward Moretti, who was the Director of Human Resources at the Hospital and who was responsible for all facets of employee training, reported to Mr. Sganga while Mr. Sganga was Interim Acting CEO.

9. Admit the allegations in the first sentence of ¶ 9 of the Complaint. Deny each and every allegation in the second sentence of ¶ 9 of the Complaint. With respect to the allegations in the third, fourth and fifth sentences of ¶ 9 of the Complaint, deny Plaintiff's characterization of Lee Xippolitos's responsibilities, affirmatively assert that Ms. Xippolitos's responsibilities were limited to the nursing department and its employees, affirmatively assert that Ms. Xippolito made recommendations regarding employment matters for employees who reported to her directly, and further affirmatively assert that termination of employees at the Hospital is/was for the most part handled by the Hospital's labor department in accordance with union contracts.

10. Deny each and every allegation in the first sentence of ¶ 10 of the Complaint that Diane Carillo is currently the Associate Director for Support Services and affirmatively assert that she formerly held that title but is currently the Associate Director of Patient and Guest Services. Deny each and every allegation in the second sentence of ¶ 10 of the Complaint. With respect to the allegations in the third, fourth and fifth sentences of ¶ 10 of the Complaint, deny Plaintiff's characterization of Ms. Carillo's

4

responsibilities and affirmatively assert that Ms. Carillo's responsibilities were limited to the department of support services and its employees, affirmatively assert that Ms. Carillo made recommendations regarding employment matters for employees who reported to her directly, and further affirmatively assert that termination of employees at the Hospital is/was for the most part handled by the Hospital's labor department in accordance with union contracts.

11. Admit the allegations in the first sentence of ¶ 11 of the Complaint. Deny each and every allegation in the second sentence of ¶ 11 of the Complaint. With respect to the allegations in the third, fourth and fifth sentences of ¶ 11 of the Complaint, deny Plaintiff's characterization of Edward Moretti's responsibilities and affirmatively assert that Mr. Moretti's responsibilities were limited to the area of human resources and its employees, affirmatively assert that Mr. Moretti made recommendations regarding employment matters for employees who reported to him directly, and further affirmatively assert that termination of employees at the Hospital is/was for the most part handled by the Hospital's labor department in accordance with union contracts.

12. Deny each and every allegation in the first sentence of ¶ 12 of the Complaint that Eileen Reiser is currently the Workers' Compensation Case Manager and affirmatively assert that she formerly held that title but is currently the Workers' Compensation Administrator. Deny each and every allegation in the second, third, fourth and fifth sentences of ¶ 12 of the Complaint.

13. Admit the allegations in the first sentence of ¶ 13 of the Complaint. Deny each and every allegation in the second sentence of ¶ 13 of the Complaint. Deny each and every allegation in the third sentence of ¶ 13 of the Complaint, except affirmatively assert that Ms. Thomas was the Associate Director of Nursing at the Hospital and affirmatively assert that Ms. Thomas sat on committees that reviewed polices. Deny each and every allegation in the fourth sentence of ¶ 13 of the Complaint, except admit that Ms. Thomas was Plaintiff's direct supervisor and affirmatively assert that Ms. Thomas was authorized to make recommendations regarding the hiring and termination of Plaintiff.

14. Admit the allegations in ¶ 14 of the Complaint.

15. Admit the allegations in ¶ 15 of the Complaint, except affirmatively assert that Plaintiff's title was Teaching Hospital Staff Assistant II in the Nursing Administration Department, deny that Ventryce Thomas was the Associate Director of the Hospital and affirmatively assert that Ms. Thomas was the Associate Director of Nursing.

16. Admit the allegations in ¶ 16 of the Complaint.

17. Deny each and every allegation in ¶ 17 of the Complaint.

18. Deny each and every allegation in ¶ 18 of the Complaint.

19. Deny each and every allegation in ¶ 19 of the Complaint, except deny knowledge and information sufficient to form a belief as to whether Plaintiff performed

6

tasks on Ventryce Thomas's computer.

20. Deny each and every allegation in ¶ 20 of the Complaint.

21. Deny each and every allegation in ¶ 21 of the Complaint.

22. Deny each and every allegation in ¶ 22 of the Complaint.

23. Deny each and every allegation in ¶ 23 of the Complaint.

24. Deny each and every allegation in ¶ 24 of the Complaint.

25. Deny each and every allegation in ¶ 25 of the Complaint.

26. Deny knowledge and Information sufficient to form a belief regarding the allegations in ¶26 of the Complaint and affirmatively assert that EAP is a confidential service, available to the Hospital community, and is not related any official Hospital complaint procedure.

27. Deny knowledge and Information sufficient to form a belief regarding the allegations in the first sentence of ¶ 27 of the Complaint regarding what an EAP counselor might have said to Plaintiff and affirmatively assert that EAP is a confidential service, available to the Hospital community, and is not related any official Hospital complaint procedure.  With respect to the allegations in the second sentence of ¶ 27 of the Complaint, admit that on February 16, 2006, Plaintiff met with Anne M. Murphy, a representative of the University Office of Diversity and Affirmative Action (ODAA), and affirmatively assert that the ODAA did not contact Ventryce Thomas because Plaintiff never received a completed complaint from Plaintiff and because Plaintiff never made a

7

complaint to ODAA which alleged discrimination based on sex.

28. Deny each and every allegation in ¶ 28 of the Complaint, except affirmatively assert that on February 17, 2006 Ventryce Thomas gave Plaintiff an unsatisfactory evaluation.

29. Deny each and every allegation in ¶ 29 of the Complaint, except affirmatively assert that, on or about the date of Plaintiff's evaluation, Ventryce Thomas recommended non-renewal and termination for Plaintiff and deny knowledge and information sufficient to form a belief regarding whether Ms. Thomas recommended a termination date.

30. Admit the allegations in the first sentence of ¶ 30 of the Complaint, except affirmatively assert that the title of the job offered to Plaintiff was Workers Compensation Administrative Assistant.   Deny each and every allegation in the second, third, and fourth sentences of ¶ 30 of the Complaint.

31. Admit the allegations in ¶ 31 of the Complaint except deny each and every allegation that Plaintiff's new position was assigned a new line number.

32. Deny each and every allegation in ¶ 32 of the Complaint.

33. Deny each and every allegation in ¶ 33 of the Complaint.

34. Deny each and every allegation in ¶ 34 of the Complaint, except affirmatively assert that Plaintiff voluntarily complained to Eileen Reiser about Ventryce Thomas; specifically deny each and every allegation that Plaintiff ever told Ms. Reiser that Ms.

Thomas sexually harassed her; admit that Ms. Reiser asked Plaintiff to keep a spreadsheet of Plaintiff's assignments but affirmatively assert that Ms. Reiser did not make this request on a day on that Plaintiff complained about Ms. Thomas; and further affirmatively assert that Plaintiff failed to comply with Ms. Reiser's instructions.

35. Deny each and every allegation in ¶ 35 of the Complaint, except admit that on or about May 1, 2006 or May 2, 2006, Eileen Reiser requested that Plaintiff meet with her and that during a meeting on May 2, 2006, Ms. Reiser communicated to Plaintiff specific concerns about Plaintiff's work.

36. Deny each and every allegation in the first sentence of ¶ 36 of the Complaint and affirmatively assert that Plaintiff failed to follow available administrative processes to grieve her termination. Deny knowledge and information sufficient to form a belief regarding the allegations in the second sentence of ¶ 36 of the Complaint, except deny knowledge and information sufficient to form a belief regarding whether Diane Carillo and Plaintiff met on May 23, 2006 and affirmatively assert that Plaintiff was provided with a performance program for the position of staff assistant covering the period September 12, 2005 through September 11, 2006. Admit the allegations in the third sentence of ¶ 36 of the Complaint. Deny each and every allegation in the fourth sentence of ¶ 36 of the Complaint, except deny knowledge and information sufficient to form a belief regarding whether Diane Carillo, Eileen Reiser, and Plaintiff met on May 23, 2006. Deny each and every allegation in the fifth sentence of ¶ 36 of the Complaint

9

and affirmatively assert that Plaintiff was provided with a performance program for the position of staff assistant covering the period September 12, 2005 through September 11, 2006. Deny each and every allegation in the sixth sentence of ¶ 36 of the Complaint.

37. Deny knowledge and information sufficient to form a belief as to the allegations in ¶ 37 of the Complaint.

38. Deny knowledge and information sufficient to form a belief as to the allegations in the first, second, and third sentences of ¶ 38 of the Complaint. Admit the allegations in the fourth sentence of ¶ 38 of the Complaint. Deny each and every allegation in the fifth sentence of ¶ 38 of the Complaint.

39. Deny each and every allegation in the first sentence of ¶ 39 of the Complaint, except admit that Diane Carillo informed Plaintiff that she was being terminated and deny knowledge and information sufficient to form a belief regarding the date when Ms. Carillo told Plaintiff she was being terminated. Deny each and every allegation in the second sentence of ¶ 39 of the Complaint, except affirmatively assert that Plaintiff rejected a proposal from the Hospital's Labor Relations department and further affirmatively assert that the Hospital adjusted Plaintiff's termination date from September 13, 2006 to September 22, 2006 as an accommodation to Plaintiff so that her retirement benefits could vest.

40. With respect to the allegations in ¶ 40 of the Complaint, repeat and reassert each and every response in ¶¶ 1 through 39 of this Answer as if fully set forth herein.

10

41. Deny each and every allegation in ¶ 41 of the Complaint.

42. Deny each and every allegation in ¶ 42 of the Complaint.

43. Deny each and every allegation in ¶ 43 of the Complaint.

44. Deny each and every allegation in ¶ 44 of the Complaint.

45. Deny each and every allegation in ¶ 45 of the Complaint.

46. Deny each and every allegation in ¶ 46 of the Complaint.

47. Deny each and every allegation in ¶ 47 of the Complaint.

48. Deny each and every allegation that Plaintiff is entitled to the relief requested in ¶ 48 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49. Plaintiff's Title VII claim fails to state a cause of action against any of the Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50. Plaintiff's Title VII claim is barred by her failure to exhaust administrative remedies. Plaintiff failed to file a completed complaint form with the ODAA. In addition, Plaintiff failed to grieve her non-renewal in accordance with the appeal process afforded by the applicable collective bargaining agreement.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. Plaintiff's Title VII claim is barred by the applicable statute of limitations. Plaintiff's charge to the Equal Employment Opportunity Commissioner was not filed

within three hundred days of her notice of non-renewal or her reassignment to a different supervisor. In addition, the instant Complaint was not served until approximately nine months after it was filed on January 4, 2008.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or otherwise to avoid harm.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53. All of the employment decisions made by Defendants and employment actions taken by Defendants were made for legitimate, nondiscriminatory reasons.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54. Plaintiff's request for damages is barred to the extent that she has failed to mitigate.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55. 42 U.S.C. § 1981a(b)(1) bars a plaintiff from recovering punitive damages against a government entity for violation of Title VII.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

56. Individuals are not "employers" within the meaning of title VII and thus this court lacks subject matter jurisdiction over the Title VII claims asserted against the

individual defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

57. Any claim for back pay under Title VII is barred by 42 U.S.C. § 1981a(b)(2).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

58. Defendants have no knowledge of, did not participate in, and did not condone any policy or practice that discriminated against Plaintiff.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

59. If Plaintiff sustained any damages or injuries, such damages or injuries were caused, in whole or in part, by the Plaintiff, or by others acting on her behalf or at her behest.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

60. Plaintiff fails to state a cause of action under 42 U.S.C. § 1983 because the only basis for this Complaint is the violation of Plaintiff's statutory rights under Title VII. Plaintiff does not allege a distinct violation of a constitutional right as a basis for her § 1983 claim. A §1983 action may not be brought to vindicate rights conferred only be a federal statute that contains its own structure for private enforcement, such as Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

61. Because of Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. §1983 against the State of New

13

York, the Stony Brook University Hospital, a/k/a Stony Brook University Medical Center, and against the individual defendants sued in their official capacity.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

62. The individual defendants are protected from liability pursuant to 42 U.S.C. §1983 by qualified immunity because their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

63. Because of Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the New York Human Rights Law against the State of New York, the Stony Brook University Hospital, a/k/a Stony Brook University Medical Center, and against the individual defendants sued in their official capacity.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

64. Plaintiff's sexual harassment claims pursuant to the New York Human Rights Law against the individual Defendants should be dismissed for failure to state a cause of action to the extent that she fails to allege that the individual Defendants actually participated in alleged sexual harassment.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

65. The Court should decline to exercise pendant jurisdiction over Plaintiff's state laws claims inasmuch as there is no predicate federal claim because Plaintiff's federal

claims are without merit.

**WHEREFORE**, Defendants respectfully request that this Court dismiss the Complaint and deny the relief requested, and provide such other and further relief as this Court may deem just and proper.

Dated: Hauppauge, New York
       October 7, 2008

                                  ANDREW M. CUOMO,
                                  Attorney General of the State of New York
                                  Attorney for Defendant

                       By: _____
                            ANNE C. LEAHEY (ACL-3873),
                            Assistant Attorney General
                            300 Motor Parkway, Suite 205
                            Hauppauge, New York 11788
                            (631) 231-2183

TO:   FRED LUTZEN, Esq.
        Attorney for Plaintiff
        350 Motor Parkway, Suite 200
        Hauppauge, New York 11788
        (631) 617-5179