

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

August 31, 2009

Hon. E. Thomas Boyle
United States Magistrate Judge
Long Island Federal Courthouse
934 Federal Plaza
Central Islip, New York 11722-4451

      Re:    *Tomassi v. State of New York, Stony Brook University, et. al.*
                08 CV 0062 (LDW/ETB)

Dear Judge Boyle:

      This letter is submitted on behalf of Defendants in response to a letter from Plaintiff's attorney dated August 29, 2009, requesting (a) the stay of a related matter allegedly active in the New York State Court of Claims pending Plaintiff's request to remove the matter to federal court and (b) permission to amend the above-captioned matter to include a cause of action for breach of contract. Both requests should be denied as set forth below.

      No action is pending in the Court of Claims. By decision rendered on September 22, 2008 and filed on October 22, 2008, the Hon. James J. Lack, Judge of the Court of Claims, dismissed *Rosetta Tommasi v. The State of New York, Claim No. 114676*, on grounds of statute of limitations. Rosetta Tommasi's time to appeal this decision has long since expired.

      With respect to Plaintiff's request to amend the complaint to assert a contract claim based on the collective bargaining agreement, any such amendment would be futile. According to the attached letter, Plaintiff was hired for twelve months as "a full-time term appointment, subject to the Policies of the Policies of the Board of Trustees governing such appointments." As such, Plaintiff was hired on an "at will" basis and does not have a contractual basis for recovery, either express or implied.

In addition, Plaintiff has waived her right to seek contractual remedies in this Court because under the terms of the Agreement between the State of New York and United University Professions ("UUP"), July 2, 2003 through July 1, 2007, she was required to address any issues she had regarding contractual requirements for notice of non-renewal, which are set forth in Article 32 of the Agreement, in the grievance format set forth in Article 7 of the Agreement. See 2003-2007 Agreement between the UUP and the State of New York At the NYS Governor's Office of Employee Relations' web site. However, Plaintiff did not take advantage of her rights at Article 33.2, *et. seq.* of the collective bargaining agreement to request a review of the non-renewal of her one-year term appointment. She failed to file any grievance to activate her rights under the collective bargaining agreement and therefor chose not to pursue the only available avenue to adjudicate perceived violations of the agreement.

For the above, reasons it is respectfully requested that the Court deny Plaintiff's requests (a) for a stay of a state court proceeding and (b) for permission to amend the complaint.

Very truly yours,


ANNE C. LEAHEY( ACL/3873)
Assistant Attorney General



TO: JOSEPH C. STROBLE (JCS-9109)
40 Main Street
PO Box 596
Sayville, NY 11782



*Smart Medicine*

**STONY BROOK**
UNIVERSITY HOSPITAL
*Expert Care*

September 9, 2005
*Department of Human Resources*

Ms. Rosetta Tommasi
6 Tudor Road
Shirley, New York 11967

Dear Ms. Tommasi:

I am pleased to offer to you, subject to approval by the President, an appointment as a TH Staff Assistant II, in the Nursing Administration Department, at Stony Brook University Hospital at the State University of New York at Stony Brook. This offer of employment is contingent upon the outcome of the background investigation, which you authorized. This would be a full-time term appointment, subject to the Policies of the Board of Trustees governing such appointments. It would be effective September 13, 2005 and is expected to continue through September 12, 2006, at an annual salary of $41,000 subject to such changes as may be authorized or required by law.

The State University of New York at Stony Brook, as a state employer, is subject to the terms of the Federal Fair Labor Standards Act Amendment (FLSA) with regard to compensatory time and overtime payments. Under FLSA the title you are being appointed to is not eligible for compensatory time and overtime payments. Furthermore, the title you have been appointed to is not eligible for oncall/recall pay in accordance with the UUP Agreement.

Enclosed is a statement which must be executed by every individual prior to his/her appointment by the University. Your appointment forms cannot be processed until the completed statement and enclosed forms have been submitted to me. When applicable, this appointment is contingent upon receipt of your current visa authorizing employment for the period of your appointment. This offer will be considered withdrawn if we do not hear from you on or before September 12, 2005

Sincerely,

*Edward J. Moretti/ela*

Bruce Schroffel
Director and CEO
Stony Brook University Hospital
By Edward J. Moretti
Stony Brook University Hospital

I accept this offer on the terms stated above:

Signature: *Rosetta Tommasi*

Date: 9/12/2005

BS/EJM/rp
Cc:   Ms. Thomas
      Personnel File

STONY BROOK, NEW YORK 11794-9300  TEL: (631) 444-4770  FAX: (631) 444-4724

05/30/2006   12:26PM

0156